# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALEXANDRE,<br><br>                     Petitioner,<br><br>v.<br><br>PARTICK COVELLO, Warden,<br><br>                     Respondent. | Case No.: 3:19-cv-1563-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    On August 19, 2020, Petitioner Anthony Alexandre, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In the Petition for Writ of Habeas Corpus, Alexandre challenged his state court conviction for corporal injury to a spouse or roommate in violation of § 273.5(a) of the California Penal Code; stalking in violation of section 646.9(a) of the California Penal Code; false imprisonment by violence, menace, fraud or deceit in violation of sections 236 and 237(a) of the California Penal Code; and attempting to dissuade a witness from reporting a crime in violation of section 136.1(b)(1) of the California Penal Code.

    On March 6, 2020, the Court denied Alexandre's Petition for Writ of Habeas Corpus. (ECF No. 11). On March 24, 2020, Alexandre filed a Motion for *Joseph* Hearing pursuant to 8 U.S.C. § 1226(c). (ECF No. 13). Alexandre, who is now in federal custody at the Otay

Mesa Detention Center, moves the Court for a "*Joseph* [h]earing" to determine "whether or not Petitioner is currently being properly held in detention . . . ." (*Id.* at 1). Alexandre contends that he is not properly detained in federal custody because his state court conviction "does not satisfy the criteria for deportation proceedings" under 8 U.S.C. § 1226(c) that a non-citizen's criminal history include a crime that "involv[es] moral turpitude." (*Id.* at 3).

"Section 1226(c) requires that the Attorney General detain any non-citizen who is inadmissible or deportable because of his criminal history upon that person's release from imprisonment, pending proceedings to remove him from the United States." *Rodriguez v. Robbins*, 804 F. 3d 1060, 1078 (9th Cir. 2015), *overruled on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). An individual detained under § 1226(c) may request a "*Joseph* hearing" before an immigration judge to determine whether the individual is properly included in the category of non-citizens subject to mandatory detention based on the individual's criminal history. *See* 8 C.F.R. § 1003.19(h)(2)(ii); *see generally*, *In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999).

Alexandre's Motion for Joseph Hearing, challenging his federal detention, is improperly raised in this action on his Petition for Writ of Habeas Corpus, challenging his state court conviction. Any challenge to Alexandre's federal detention must be filed as a new petition and comply with all procedural and jurisdictional requirements of 28 U.S.C. § 2241. Alexandre's Motion for *Joseph* Hearing (ECF No. 13) is denied.

Dated: April 27, 2020

Hon. William Q. Hayes
United States District Court